IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM F. KAETZ, | ) |
| | ) |
| Plaintiff, | ) 2:21-cv-62-NR-PLD |
| | ) |
| v. | ) |
| | ) |
| UNKNOWN U.S. MARSHALS, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is Magistrate Judge Dodge's Report and Recommendation (ECF 29), recommending that Mr. Kaetz's second amended complaint be dismissed with prejudice. Mr. Kaetz, proceeding pro se, has filed objections to the R&R. ECF 34. The Court has carefully considered the record—including Mr. Kaetz's second amended complaint, the R&R, and Mr. Kaetz's objections—and has conducted a de novo review of the R&R and Mr. Kaetz's objections. *See* 28 U.S.C. § 636(b)(1).

After a de novo review, the Court overrules Mr. Kaetz's objections, and adopts Magistrate Judge Dodge's R&R in whole as the opinion of the Court. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' … Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (cleaned up)); *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court. When a district court does accept the Magistrate's report,

that is a judicial act, and represents the district court's considered judgment." (cleaned up)).

The Court adds only the following to Magistrate Judge Dodge's well-reasoned and thorough R&R. First, Mr. Kaetz cannot raise new allegations and claims in his objections to the R&R, so the variety of new allegations and claims he now raises have been waived. *See, e.g.*, *Johnson v. DelBaso*, No. 17-1559, 2021 WL 567247, at *1 n.1 (W.D. Pa. Feb. 16, 2021) (Colville, J.) ("To the extent Petitioner raises any new claims in his objections that were not included within his Petition, those claims are deemed waived and will not be considered by the Court." (citation omitted)); *Washington v. Gilmore*, No. 17-988, 2021 WL 688088, at *2 (W.D. Pa. Feb. 23, 2021) (Conti, J.).

Second, when the R&R issued, Mr. Kaetz was detained pending trial. Since then, however, he pled guilty in the underlying criminal case, was sentenced by this Court, and has concluded his term of imprisonment. *See United States v. Kaetz*, 2:21-cr-211, Dkt. Nos. 113, 116 (W.D. Pa. Aug. 2, 2021). The Court therefore updates the R&R's factual background in that regard. Further, Mr. Kaetz's guilty plea—and his acknowledgment of guilt—moot much of his claims in this case; indeed, he has withdrawn aspects of his claims and requested relief because of his guilty plea. *See* ECF 39. Additionally, the R&R concluded that Mr. Kaetz's Eighth Amendment claim fails, in part, because it could not be brought until after his "sentence and conviction." ECF 29, p. 9. But Mr. Kaetz's sentence and conviction notwithstanding, his Eighth Amendment claim still fails because there is no *Bivens* remedy for his claim. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855, 1857 (2017) (stating that the only *Bivens* remedy for an Eighth Amendment violation is for "failure to provide adequate medical treatment," and noting that the Supreme Court has "declined to create an implied [*Bivens*] damages remedy" for Eighth Amendment violations outside of that specific context); *see also id.* at 1857 ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity. This is in accord with the Court's

observation that it has consistently refused to extend *Bivens* to any new context or new category of defendants." (citations omitted)).

Finally, contrary to much of Mr. Kaetz's claims and objections, the Third Circuit recently determined that there is no *Bivens* remedy for a First Amendment retaliation claim. *See Bistrian v. Levi*, 912 F.3d 79, 95-96 (3d Cir. 2018). In *Bistrian*, the Third Circuit acknowledged that its prior precedents stating otherwise are no longer controlling following the Supreme Court's decision in *Abbasi*. *Id.* at 95. In concluding that no *Bivens* remedy is available, the Third Circuit found that its "conclusion aligns with a strong trend in district courts, post-*Abbasi*, holding that a *Bivens* retaliation claim under the First Amendment should not be recognized." *Id.* at 96 (citation omitted).

Accordingly, the Court adopts Magistrate Judge Dodge's Report and Recommendation (ECF 29) in whole and as supplemented by this order, and overrules all of Mr. Kaetz's objections (ECF 34). Mr. Kaetz's second amended complaint (ECF 23) is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall mark this case **CLOSED**.

DATED: February 7, 2022

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge