**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM F. KAETZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 21-62 |
| vs. | ) | |
| | ) | Judge J. Nicholas Ranjan |
| UNKNOWN US MARSHALS, et al., | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.    Recommendation**

It is respectfully recommended that Plaintiff's Second Independent Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(d)(3)-Newly Discovered Fraud on the Court in the March 24, 2026 Orders (ECF No. 51) be denied.

**II.    Report**

A.  Relevant Background[1]

On March 24, 2026, Judge Ranjan issued an order denying Plaintiff's Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(3) and 60(d)(3) (ECF No. 46). The Court found that the motion under Rule 60(b)(3) was time-barred and that Plaintiff's broad allegations did not clearly establish fraud on the Court under Rule 60(d)(3).

Plaintiff's present motion is styled as an "second independent" motion for relief under Rule 60(d)(3). Plaintiff claims that the March 24, 2026 Order is "the latest link in an unbroken chain of fraud upon the Court." (ECF No. 52 at 8). In addition to seeking an order granting his motion,

---

[1] The Court issued a Report and Recommendation (ECF 48) regarding Plaintiff's Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(3) and 60(d)(3) (ECF No. 46) which includes a detailed recitation of the procedural history of this case and an analysis of Plaintiff's previous motion. It is not necessary to revisit these matters here.

Plaintiff asks for an order vacating dismissal of this action, reopening this action, and scheduling a status conference or briefing schedule. (*Id*. at 9.)

B. Discussion

The Court found that Plaintiff's previous Rule 60(d)(3) motion was meritless. In his "second independent" motion, Plaintiff now claims that the Court's March 24, 2026 Order constitutes newly discovered fraud on the court. Among other allegations, he suggests that the order "corrupt[s] the judicial process itself, including misrepresentation by omission or refusal to address properly raised constitutional questions."

Plaintiff's second motion is equally meritless. He has failed to plausibly plead any basis for the relief he seeks, including but not limited to his claim that the Court's ruling on his first Rule 60(d)(3) motion constitutes fraud. Therefore, his motion should be denied.

C. Conclusion

It is respectfully recommended that Plaintiff's Second Independent Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(d)(3) be denied.

If Plaintiff wishes to challenge this Report and Recommendation, he must seek review by the district judge by filing objections by June 12, 2026.  Failure to file timely objections will waive the right of appeal.

Dated: May 29, 2026                          s/ Patricia L. Dodge
                                             PATRICIA L. DODGE
                                             UNITED STATES MAGISTRATE JUDGE